FILED

05/16/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0336

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0336

_____

STATE OF MONTANA,

Plaintiff and Appellee,

v.                                                          O R D E R

GINA DELIGHT KRUEGER,

Defendant and Appellant.

_____

Joseph P. Howard, appointed counsel for Appellant Gina Delight Krueger, moves to withdraw as counsel in this appeal. Counsel states that he has identified a potentially meritorious appealable issue in Krueger's case but he advised her that he does not believe appealing this issue would be "a worthwhile endeavor" although he is willing to do so if Krueger so instructs him. Krueger has instead requested that counsel raise other specified issues which counsel believes the Montana Rules of Professional Conduct preclude him from arguing because, in his professional opinion, these issues do not have a bona fide basis in law and fact. Counsel further asserts that it is his understanding that the Appellate Defender Division (ADD) would decline to appoint Krueger new counsel absent an order of this Court.

Howard asks to be relieved of his duty as assigned counsel under § 46-8-103(1), MCA. As an exhibit to his motion, he provides a document, titled Brief of Appellant, that sets forth the issue Howard identified as meritorious but not "worthwhile." Howard asks this Court to review the document and, if it determines that the issue he would raise is meritorious, to order ADD to assign Krueger new counsel to pursue her appeal, and if not, to deem the brief to be an *Anders* brief in compliance with § 46-8-103(2), MCA, and *Anders* v. *California,* 386 U.S. 738, 87 S. Ct. 1396 (1967), and dismiss the appeal.

An indigent defendant has the right to counsel on appeal. Mont. Const. Art. II, § 24; *State v. Swan*, 199 Mont. 459, 467, 649 P.2d 1297, 1301-02 (1982) (citing *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814 (1963)). The situation Howard faces is not unique. In similar instances, counsel may choose to file an *Anders* brief and motion to withdraw pursuant to *Anders*, noting their identification of a potentially meritorious issue and the client's decision not to pursue that issue on appeal. The challenge of such situation does not obviate appellant counsel's duty to either file an opening brief or an *Anders* brief if counsel is unable to identify any other nonfrivolous issues on appeal. As set forth in *Anders*, if counsel on appeal "finds [the] case to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744. This request to withdraw must be "accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. The proposed Brief of Appellant Howard has provided as an exhibit to this motion does not fulfill the requirements of *Anders* and § 46-8-103(2), MCA, as it does not disclose any arguably appealable issues beyond the potentially meritorious issue Krueger chose not to pursue on appeal after Howard advised her against it.

Howard is correct that he cannot go against Krueger's wishes regarding the potentially meritorious issue he identified. When counsel identifies a potentially meritorious issue to pursue on appeal but his client does not wish to appeal that issue, counsel cannot proceed against the client's wishes. M. R. Pro. Cond. 1.2(a) ("a lawyer shall abide by a client's decisions concerning the objectives of representation"); *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983) ("the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal" (citations omitted)).

Howard points out that in *Jones*, the United States Supreme Court explained that an indigent defendant does not have the constitutional right to compel appointed counsel to press nonfrivolous points requested by the client if counsel, as a matter of professional judgment, decides not to present those points. *Jones*, 463 U.S. at 751, 103 S. Ct. at 3312. However, in *Jones*, the defendant's appellate counsel had rejected his client's suggested

2

issues on appeal in order to focus on arguments counsel found more promising—a tactic the Supreme Court looked upon favorably, commenting, "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones*, 463 U.S. at 751-52, 103 S. Ct. at 3313. *Jones* does not provide that counsel can disregard nonfrivolous issues in favor of arguing no issues at all.

IT IS THEREFORE ORDERED that the motion to withdraw as counsel is DENIED.

IT IS FURTHER ORDERED that counsel shall have thirty (30) days from the date of this Order within which to file either an Opening Brief or a brief and motion to withdraw pursuant to pursuant to § 46-8-103(2), MCA, and *Anders* v. *California,* 386 U.S. 738, 87 S. Ct. 1396 (1967).

The Clerk is directed to provide a copy of this Order to all counsel of record and to Gina Delight Krueger, personally.

3